IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RALPH WILSON LINGO, #190083, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:13-CV-345-TMH |
| | ) | [WO] |
| | ) | |
| LEON FORNISS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ralph Wilson Lingo ["Lingo"], a state inmate, on May 16, 2013.[1]  In this petition, Lingo challenges convictions for theft by deception and criminal conspiracy to commit arson second degree imposed upon him by the Circuit Court of Houston County, Alabama on September 15, 2010.

Upon review of the petition and answers filed by the respondents, the court discerned that an available state remedy, i.e., a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, existed in which Lingo could raise his claims for

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993).  Lingo certifies he submitted the petition for mailing on May 16, 2013.  *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 15.  In light of the foregoing and for purposes of the proceedings herein, the court considers May 16, 2013 as the date of filing.

relief. In light of the foregoing, the court entered an order affording Lingo an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies. *Order of July 24, 2013 - Doc. No. 13*. In his response to this order, *Doc. No. 19*, Lingo advises that on August 8, 2013 he filed a Rule 32 petition with the Circuit Court of Houston County, Alabama challenging the convictions made the basis of this habeas action. The evidentiary materials filed herein likewise demonstrate that the state court granted Lingo leave to proceed *in forma pauperis* in the Rule 32 action on August 29, 2013. *Respondents' Exhibit 7 - Doc. No. 25-5*. Thus, Lingo's Rule 32 petition is presently pending before the Circuit Court of Houston County, Alabama.

## II. DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Lingo has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief as these claims are now pending before the Circuit Court of Houston County, Alabama on a Rule 32 petition. In addition, Lingo may seek relief in the Alabama Court of Criminal Appeals and/or Alabama Supreme

Court upon issuance of any adverse decision by the trial court. This court does not deem it appropriate to rule on the merits of Lingo's claims without first requiring that he exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it is clear that a stay of this case is not warranted pending the outcome of the state court proceedings as there is nothing before this court which indicates the requisite good cause for Lingo's failure to first properly exhaust his claims in the state courts. *Rhines*, 544 U.S. at 277.

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Lingo can pursue the state court remedies which are available to him.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief be DENIED.

2.  The petition be DISMISSED without prejudice to allow the petitioner an opportunity to exhaust available state court remedies.

It is further

ORDERED that on or before September 26, 2013 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of September, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

4